**Order entered October 7, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00673-CV**

**IN THE ESTATE OF MARIA ELENA WEBB, DECEASED**

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-20-01506-2**

**ORDER**
Before Justices Molberg, Pedersen, III, and Goldstein

Before the Court are appellant's (1) July 21, 2022 emergency motion to stay effect of July 1, 2022 order authorizing sale of estate real property and for authority to execute listing agreement; (2) September 21, 2022 emergency motion to stay decree confirming sale of real property; (3) September 29, 2022 emergency motion for immediate relief from decree confirming sale; (4) October 4, 2022 motion for leave to consider her September 29 emergency motion as her jurisdictional letter brief; and, (5) October 5, 2022 renewed request for emergency relief and request to extend applicable appellate deadlines. The property at issue in each of the emergency motions is decedent's house, which is part of decedent's

estate and where appellant and her husband reside. Decedent's estate is subject to a pending administration.

We note the motions have been pending while the parties filed jurisdictional briefing as the appeal was originally filed from a non-appealable interlocutory order–the July 1 order authorizing sale. *See* TEX. EST. CODE ch. 356 (governing sales of estate property and describing steps involved, beginning with application to authorize sale and concluding with order approving or disapproving of report of sale). Although appellant's September 21 and 29 motions averred the probate court had signed a decree confirming the sale of the property and sought relief from the decree, the motions did not include a copy of the decree and the Dallas County online docket did not then reflect the probate court had signed the decree. *See id.* § 356.556(c) (providing that order approving or disapproving of report of sale has effect of final judgment and is appealable). The online docket, however, now reflects the decree has been signed and appellant has attached a copy of the decree to her October 5 motion. Accordingly, we have jurisdiction over the appeal, retract our directive to file jurisdictional briefing, and **DENY** as moot appellant's October 4 motion for leave to consider the September 29 motion as her jurisdictional letter brief.

In light of the decree confirming sale, we **DENY** the July 21 motion as moot. And, because nothing before us reflects appellant has superseded the decree

confirming sale, *see* TEX. R. APP. P. 24.1, we **DENY** the September 21 and September 29 motions as well as the October 5 motion to the extent it renews the request for emergency relief.

We **DIRECT** Dallas County Clerk John F. Warren and Lisabeth Kellett, Official Court Reporter for Probate Court No.2, to file their respective records no later than October 31, 2022 and **DENY** as moot appellant's October 5 motion to the extent it requests an extension of applicable appellate deadlines.

A copy of this order shall be sent to Mr. Warren; Ms. Kellett; and, the parties.

/s/ BILL PEDERSEN, III
JUSTICE